IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUDY LYNN LEESE and DOUGLAS GLENN LEESE, SR. | : | No. |
| Plaintiffs | : | |
| | : | Civil Action – Law |
| V | : | |
| | : | (Electronically filed) |
| ADELPHOI VILLAGE, INC., GARY SOLTYS, WALLY PERKINS, and LISA MATKO, | : | |
| Defendants | : | Jury Trial Demanded |

COMPLAINT

AND NOW, TO WIT, come the Plaintiffs Judy Lynn Leese and Douglas

Glenn Leese, Sr., by and through their counsel, Solomon Z. Krevsky, Esquire of

Clark & Krevsky, LLC, and files the following Complaint:

INTRODUCTION

1.      Plaintiff, Judy Lynn Leese (hereinafter "Judy Leese" or "Leese"),

brings this action against her former employer, Adelphoi Village, Inc., and

individuals who serve in the capacity of her employer, for claims arising under the

Family and Medical Leave Act, 29 U.S.C. §2601 et seq (hereinafter "FMLA"), and common law claims all of which relate to Plaintiff Judy Leese's employment and the termination of her employment effective May 1, 2008.

Plaintiff Douglas Glenn Leese, Sr. (hereinafter "Douglas Leese" or "Leese") brings this action against the Defendants for loss of consortium.

2.    Plaintiff Judy Leese alleges, *inter alia*, that she was discriminated against and/or retaliated against based on the exercise of her FMLA rights and/or attempt to exercise those rights, that the Defendants unlawfully interfered with, restrained, and/or denied Plaintiff the exercise of FMLA rights or attempt to exercise FMLA rights, and that the Defendants unlawfully discriminated and/or retaliated against Plaintiff as a result of her exercise of FMLA rights, including but limited to the termination of Plaintiff's employment effective May 1, 2008.

Plaintiff Douglas Leese alleges that he has lost the comfort and companionship of his spouse due to the extreme and outrageous treatment of his spouse by the Defendants.

## PARTIES, JURISDICTION AND VENUE

3.    Plaintiff Judy Leese is an adult female and Plaintiff Douglas Leese an adult male who, at all relevant times hereto, resided in the Commonwealth of Pennsylvania and was formerly employed by Defendant Adelphoi Village, Inc.

4.     Defendant Adelphoi Village, Inc., (hereinafter "Adelphoi") is a nonprofit corporation registered to do business in Pennsylvania with its principal place of business located at 1003 Village Way, Latrobe, Pennsylvania 15650.

5.     Defendant Adelphoi is a leading national provider of child care services in Pennsylvania and the United States providing a wide range of child care programs to government agencies for the care of children and juveniles.

6.     Defendant Gary Soltys is an adult resident of the Commonwealth of Pennsylvania having an address at 622 Spring Street, Latrobe, Pennsylvania 15650. At all relevant times hereto, Defendant Soltys was employed by Adelphoi as a MST Director and had supervisory duties over Plaintiff Judy Leese and served in the successive chain of command relative to her. Thus, Defendant Soltys was an employer within the meaning of the FMLA. Defendant Adelphoi is responsible for the act of its managerial employees, including Defendant Soltys.

7.     Defendant Wally Perkins is an adult resident of the Commonwealth of Pennsylvania who can be contacted at 1003 Village Way, Latrobe, Pennsylvania 15650. At all relevant times hereto, Defendant Perkins was employed by Adelphoi as a Personnel Director and had supervisory duties over Plaintiff Judy Leese and served in the successive chain of command relative to her. Thus, Defendant Perkins was an employer within the meaning of the FMLA. Defendant Adelphoi is responsible for the act of its managerial employees, including Defendant Perkins.

8.      Defendant Lisa Matko is an adult resident of the Commonwealth of Pennsylvania having an address at 514 N. Juniata Street, Hollidaysburg, Pennsylvania 16648.  At all relevant times hereto, Defendant Matko was employed by Adelphoi as a Project Director and had supervisory duties over Plaintiff Judy Leese and served in the successive chain of command relative to her.  Thus, Defendant Matko was an employer within the meaning of the FMLA.  Defendant Adelphoi is responsible for the act of its managerial employees, including Defendant Matko.

9.      This Honorable Court has jurisdiction pursuant to 28 U.S.C. §1331 as this case arises under and pursuant to the FMLA.  This Honorable Court also has jurisdiction pursuant to 28 U.S.C. §1332.  Moreover, this Honorable Court has jurisdiction over Plaintiff Leese's state law claims pursuant to 28 U.S.C. §1367.

10.      Venue lies within the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391(b)(2) as the facts and occurrences, acts and/or omissions, and incidents and/or actions alleged herein took place within this judicial district.

11.      At all relevant times hereto, Defendant Adelphoi was acting through its agents, apparent agents, servants, apparent servants and/or employees who were authorized and acting within the scope of authority, course of employment and/or under the direct control of Defendants.

Case 3:02-av-00603-JEJ   Document 1   Filed 04/16/2010   Page 5 of 24

## UNDERLYING FACTS

12.     Plaintiff Judy Leese commenced employment with Defendant Adelphoi on or about October 2000.

13.     At all relevant times hereto, Plaintiff's worksite was Adelphoi Village located at 219 York Street, Hanover, Pennsylvania 17331.

14.     Commencing on or after October 2000, Plaintiff Leese held the job title of Supervisor.

15.     In her capacity as Supervisor she held the oversight of a 4-member team reporting directly to Defendant Matko, Perkins and Soltys.

16.     At all relevant times hereto, Plaintiff Leese was qualified to perform the duties associated with her position as Supervisor and carried out such duties in a satisfactory manner.

17.     In Mid-March of 2008 Plaintiff Leese began to experience severe pain in her neck, shoulder and spine.  She had been experiencing a moderate level of pain for several weeks.

18.     Plaintiff Leese sought out medical treatment through her primary care physician, Dr. Jaquez of the Dunham Medical Clinic in Carlisle, Pennsylvania for an orthopedic consult.

19.     On March 26, 2008 Plaintiff Leese went to see Dr. Dean Nachtigall and received a cortisone shot for the pain.  Dr. Nachtigall also scheduled an MRI for April 14, 2008.

20.     After attending the April 14, 2008 visit, Plaintiff Leese returned to Dr. Nachtigall on April 17, 2008 in extreme pain.  Dr. Nachtigall scheduled an appointment with an orthopedic surgeon the next day, April 18, 2008, giving Plaintiff Leese a note for her employer stating she was unable to return to work in any capacity.

21.     On April 17, 2008 Plaintiff Leese was placed on medical leave under company policy.

22.     Plaintiff Leese went to see Orthopedic Surgeon Greg Sullivan on April 18, 2008 who advised that disks 4, 5, and 6 had degenerative damage causing bottle-necking of her spinal cord.  He gave her a doctor's note stating she was unable to return to work from April 18 through April 28, 2008.

23.     After Plaintiff Leese's doctor visit on April 18, 2008 she notified her supervisor, Defendant Lisa Matko of the medical issues and sent the physician's note along with a personal time off request to Matko.

24.     The personnel director, Defendant Wally Perkins, emailed Plaintiff Leese on April 18, 2008 and instructed her to complete FMLA forms if she was to be out for more than three days.

25.     Plaintiff Leese complied with the request adding a probable duration of three months and sending the forms by email to Defendant Perkins and by fax to Defendant Matko.  The form states that approval is assumed if not returned by employer.  Defendant Matko also contacted Plaintiff Leese by phone to state that she had been approved for FMLA leave.

26.     During the course of treatments, Plaintiff Leese kept Defendant Matko apprised of her condition and treatments including the cortisone shot, muscle relaxers and Vicadin.  The treatments were not effective.

27.     On April 28, 2008 Plaintiff Leese was sent for an Epidural Steroid Injection.  This injection was attempted in an effort to facilitate a return to work around the 1st of May, if successful, and if her doctors agreed that she could return.

28.     The procedure did not work, and a continuation of the medical absence report was completed by the Dr. Sullivan for April 28 through June 2, 2008.

29.     On the morning of May 1, 2008 Plaintiff Leese spoke to Defendant Matko to inform her of the failure of the procedure, the doctor's note and the need to remain on FMLA leave until June 2, 2008.

30.     Defendant Matko stated to Plaintiff Leese that she had been instructed by Defendant Perkins that Plaintiff needed to return to work that day for a meeting that was to be held.  Plaintiff Leese stated that she could not return to work due to

her condition as advised by the doctors. Defendant Matko stated that a representative from Defendant Adelphoi Village's Human Resource department instructed Matko to tell Plaintiff "it did not matter" that she had a doctor's note and that Matko would not accept the doctor's note.

31.     Plaintiff then called Defendant Perkins and explained the circumstances, the fact that she had a doctor's note, and that she was on FMLA leave.

32.     Defendant Perkins stated to Plaintiff Leese that he "did not care" about the doctor's note and that she was to report for the meeting as instructed. Plaintiff complied and went to work to meet Defendant Matko at 3:30 p.m. on May 1, 2008.

33.     Upon arrival at the meeting Plaintiff Leese was informed that she was to be terminated from her position immediately purportedly for failing to adhere to a company policy approximately 12 months earlier (e.g. in April 2007).

34.     Defendant Matko asked Defendant Soltys (who was on the speaker phone during the meeting) if he had anything to say. Defendant Soltys declined to comment.

35.     The Plaintiff was instructed to remove all her personal belongings including furniture from her office and to leave the premises.

Case 3:02-av-00000-JEJ   Document 484   Filed 04/16/2010   Page 9 of 24

COUNT I – FAMILY AND MEDICAL LEAVE ACT
JUDY LYNN LEESE v. ADELPHOI VILLAGE, INC. and
GARY SOLTYS, WALLY PERKINS AND LISA MATKO
INTERFERENCE

36.     Plaintiff Judy Leese hereby repeats and repleads Paragraphs 1 through 35 of this Complaint and incorporates herein by reference as though fully set forth at length.

37.     During the course of her employment with Defendant Adelphoi Plaintiff Leese began to suffer with symptoms associated with various medical impairments, including but not limited to chronic pain due to a degenerative disk diagnosis (hereinafter "medical conditions").

38.     Plaintiff Leese's medical conditions required continuing treatment by a health care provider.

39.     Plaintiff Leese's medical conditions resulted in a period of incapacity of more than three consecutive calendar days.

40.     Plaintiff Leese's medical conditions required treatment two or more times by a health care provider.

41.     Plaintiff Leese's medical conditions required treatment by a health care provider and resulted in a regiment of continuing treatment under the supervision of a health care provider.

42.     As a result of Plaintiff Leese's medical conditions, she was rendered unable to return to work from April 17, 2008 through June 2, 2008.

43. Plaintiff Leese's medical conditions constitute a "serious health condition" as that term is defined under and pursuant to the FMLA.

44. Plaintiff Leese provided verbal and/or written information to Defendants that Plaintiff's absences were due to medical conditions and associated symptoms.

45. Defendants were provided with sufficient information to reasonably apprise that Plaintiff's medical leave of absence from April 17, 2008 through June 2, 2008 was for a serious health condition covered by the FMLA.

46. At all relevant times hereto, Plaintiff Leese had been employed by Defendant Adelphoi for at least 12 months and had been employed for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of said medical leave of absence.

47. At all relevant times hereto, Defendant Adelphoi employed 50 or more employees within 75 miles of Plaintiff Leese's worksite for a period of 20 or more calendar work weeks.

48. Accordingly, at all times material to this Complaint, and in particular in 2008, Defendant Adelphoi was a "covered employer" within the meaning of the FMLA.

49. At all times material to this Complaint, and in particular in 2008, Defendant Soltys was a "covered employer" within the meaning of the FMLA.

50.     At all times material to this Complaint, and in particular in 2008, Defendant Perkins was a "covered employer" within the meaning of the FMLA.

51.     At all times material to this Complaint, and in particular in 2008, Defendant Matko was a "covered employer" within the meaning of the FMLA.

52.     Plaintiff Leese reasonably relied on the representations of the Defendants that Defendant Adelphoi was a "covered employer" within the meaning of the FMLA.

53.     At all times material to this Complaint, and in particular in 2008, Plaintiff Leese was an "eligible employee" within the meaning of the FMLA.

54.     Plaintiff Leese's medical leave of absence from April 17, 2008 through June 2, 2008 was a protected absence under and pursuant to the FMLA and regulations promulgated thereunder.

55.     However, Defendants did not afford Plaintiff Leese the opportunity to fully utilize FMLA leave in connection with said medical leave of absence and in violation of 29 C.F.R. §825.302(c).

56.     Instead, Defendants disciplined Plaintiff Leese and terminated her employment effective May 1, 2008 alleging policy violations stemming from an employment issue approximately 12 months earlier.

57.     Defendants were required to communicate with Plaintiff Leese regarding her rights under the FMLA, including but not limited to the provision of an individualized notice to employees regarding FMLA rights and obligations.

58.     Defendants interfered with Plaintiff Leese's rights under the FMLA by failing to notify her adequately regarding her rights under the law.

59.     Plaintiff Leese qualified for FMLA leave and would have structured her leave in such a manner as to preserve her rights under the law including but not limited to her reinstatement rights had Defendants adequately notified Plaintiff regarding her rights under the law.

60.     On or about April 18, 2008 Plaintiff Leese provided Defendants proper notice of her need for FMLA leave commencing April 18, 2008 on account of her serious health condition.

61.     Plaintiff Leese subsequently notified her employer on May 1, 2008 that her treatment would require surgery.

62.     The requested leave period was a protected absence pursuant to the FMLA and regulations promulgated thereunder.

63.     Defendants acknowledged that Plaintiff Leese's Family Medical Leave commencing April 18, 2008 was a protected absence pursuant to the FMLA and regulations promulgated thereunder.

64. Defendants failed to provide Plaintiff Leese the FMLA leave of absence requested which commenced from April 18, 2008, and for which Plaintiff was entitled under and pursuant to the FMLA.

65. Instead, Defendants discharged Plaintiff Leese's employment effective May 1, 2008.

66. Defendants possessed no good faith, legitimate basis for the discharge of Plaintiff Leese's employment.

67. Defendants discharged Plaintiff Leese's employment effective May 1, 2008 in order to interfere with Plaintiff Leese's rights under the FMLA and/or retaliate against her as a result of her use of FMLA leave or attempt to use FMLA leave.

68. The discharge of Plaintiff Leese's employment effective May 1, 2008 constitutes adverse employment action.

69. Defendants interfered with Plaintiff Leese's rights under the FMLA in one or more ways including but not limited to the following:

    a. Failing to give proper written notice of authorization or approval of Plaintiff's request for medical leave in connection with her medical leave of absence starting April 18, 2008.

    b. Failing to give timely notice of authorization or approval of Plaintiff's requests for medical leave.

    c. Unreasonably withholding approval and/or authorization of Plaintiff's request for medical leave.

d. Failing to effectively communicate with Plaintiff regarding the status of her FMLA requests.

e. Failing to follow normal procedures with respect to the processing of a leave request pursuant to the FMLA.

f. Failing to provide timely written notices to Plaintiff as required by the FMLA and regulations promulgated thereunder.

g. Discouraging Plaintiff from utilizing FMLA, including but not limited to imposing discipline upon her on May 1, 2008, as more fully described above.

h. Denying Plaintiff Leese FMLA leave on or after May 1, 2008.

i. Discharging Plaintiff's employment without cause effective on or about May 1, 2008.

j. Discharging Plaintiff's employment without cause in order to deprive her of an FMLA leave of absence on or after May 1, 2008

k. Failing to restore Plaintiff to her position or a substantially equivalent position on or after May 1, 2008 when Plaintiff was released to return to work to perform the essential functions of her job.

l. Denying Plaintiff Leese reinstatement and/or restoration that she was entitled to under the FMLA.

m. Denying Plaintiff Leese health and other fringe benefits to which she was entitled throughout the duration of her FMLA leave.

70. Defendants willfully violated Section 29 U.S.C. §2615(a)(1) in that

they interfered with restrained and/or denied the exercise or attempt of exercise of

Plaintiff Leese's rights under the FMLA, as more fully set forth above.

71.     In addition and/or in the alternative, and on information and belief, Defendants violated the FMLA and regulations promulgated there under by failing to make, keep and/or preserve records pertaining to compliance with the FMLA.

72.     Defendants' acts and omissions, and conduct as more fully described above were knowing and willful.

73.     Defendants' acts and omissions, as more fully described above, were performed in bad faith and without a reasonable basis, thereby rendering Defendants liable for liquidated damages pursuant to the FMLA, and claim is made therefore.

74.     As a result of Defendants' violations of the FMLA, as more fully described above, Plaintiff Leese is entitled to back pay and wages together with interest thereon pursuant to the FMLA, and claim is made therefore.

75.     As a result of Defendants' violations of the FMLA, as more fully described above, Plaintiff Leese is entitled to be reinstated to her position or to front pay and benefits pursuant to the FMLA, and claim is made therefore.

76.     Plaintiff Leese is further entitled to recover her attorney fees, expert witness fees, and other costs related to the instant matter pursuant to the FMLA, and claim is made therefore.

## COUNT II – FAMILY AND MEDICAL LEAVE ACT
## JUDY LYNN LEESE v. ADELPHOI VILLAGE, INC. and
## GARY SOLTYS, WALLY PERKINS AND LISA MATKO
## RETALIATION

77.     Plaintiff Leese hereby repeats and repleads Paragraphs 1 through 76 of this Complaint and incorporates herein by reference as though fully set forth at length.

78.     At various times throughout her employment with the Defendants, Plaintiff Leese exercised her rights under the FMLA.

79.     The FMLA and regulations promulgated thereunder prevent an employer from discriminating against employees and prospective employees who have exercised rights and/or taken FMLA leave.  29 U.S.C. §2615(a)(2); 29 C.F.R. §825.220(c).

80.     Defendants willfully violated the FMLA and regulations promulgated thereunder in that they discharged, discriminated and/or retaliated against Plaintiff Leese as a result of her use of FMLA leave or attempt to use FMLA leave, including but not limited to the following:

    a.     Failing to give proper written notice of authorization or approval of Plaintiff's request for medical leave in connection with her medical leave of absence starting April 18, 2008.

    b.     Failing to give timely notice of authorization or approval of Plaintiff's requests for medical leave.

    c.     Unreasonably withholding approval and/or authorization of Plaintiff's request for medical leave.

d.    Failing to effectively communicate with Plaintiff regarding the status of her FMLA requests.

e.    Failing to follow normal procedures with respect to the processing of a leave request pursuant to the FMLA.

f.    Failing to provide timely written notices to Plaintiff as required by the FMLA and regulations promulgated thereunder.

g.    Discouraging Plaintiff from utilizing FMLA, including but not limited to imposing discipline upon her on May 1, 2008, as more fully described above.

h.    Denying Plaintiff Leese FMLA leave on or after May 1, 2008.

i.    Discharging Plaintiff's employment without cause effective on or about May 1, 2008.

j.    Discharging Plaintiff's employment without cause in order to deprive her of an FMLA leave of absence on or after May 1, 2008

k.    Failing to restore Plaintiff to her position or a substantially equivalent position on or after May 1, 2008 when Plaintiff was released to return to work to perform the essential functions of her job.

l.    Denying Plaintiff Leese reinstatement and/or restoration that she was entitled to under the FMLA.

m.    Denying Plaintiff Leese health and other fringe benefits to which she was entitled throughout the duration of her FMLA leave.

81.    Defendants willfully violated Section 29 U.S.C. §2615(a)(2) in that they discharged, discriminated and/or retaliated against Plaintiff Diaz as a result of her use of FMLA leave or attempt to use FMLA leave, as more fully set forth above.

82.     In addition and/or in the alternative, and on information and belief, Defendants violated the FMLA and regulations promulgated thereunder by failing to make, keep and/or preserve records pertaining to FMLA compliance.

83.     Defendants' acts and omissions, and conduct as more fully described above, were knowing and willful.

84.     Defendants' acts and omissions, as more fully described above, were performed in bad faith and without a reasonable basis thereby rendering Defendants liable for liquidated damages pursuant to the FMLA, and claim is made therefor.

85.     As a result of Defendants' violation of the FMLA, as more fully described above, Plaintiff Leese is entitled to back pay and wages together with interest thereon pursuant to the FMLA, and claim is made therefor.

86.     As a result of Defendants' violations of the FMLA, as more fully described above, Plaintiff Leese is entitled to be reinstated to her position or to front pay and benefits pursuant to the FMLA, and claim is made therefor.

87.     Plaintiff Leese is further entitled to recover her attorney fees, expert witness fees, and other costs related to the instant matter pursuant to the FMLA, and claim is made therefor.

88.     The discharge of Plaintiff Leese's employment effective May 1, 2008 constitutes adverse employment action.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## JUDY LYNN LEESE v. ADELPHOI VILLAGE, INC. and
## GARY SOLTYS, WALLY PERKINS AND LISA MATKO

89.     Plaintiff Leese hereby repeats and repleads Paragraphs 1 through 88 of this Complaint and incorporates herein by reference as though fully set forth at length.

90.     Plaintiff Leese has suffered irreparable severe and emotional distress and harm by the intentional and/or reckless conduct of the Defendants.

91.     Defendants Soltys, Perkins and Matko expressed extreme and outrageous conduct towards the Plaintiff at a time when she was in great distress and pain regarding her serious medical condition.

92.     Defendants Soltys, Perkins, and Matko harassed and abused Plaintiff by ordering that she appear at a meeting at work despite knowledge that Plaintiff's treating physicians placed her out of work on a medical leave of absence which was initially approved under and pursuant to the FMLA.

93.     Defendants Soltys, Perkins, and Matko harassed and abused the Plaintiff by stating, among other things, that it "didn't matter" that the Plaintiff had a doctor's excuse and that Defendant Perkins "did not care" about the doctor's note and instead ordered Plaintiff to report to work for a meeting at which time she was summarily discharged from employment with Defendant Adelphoi Village without cause or prior notice.

94.     Defendants Soltys, Perkins, and Matko showed utter disregard for Plaintiff's frail condition, intentionally and/or recklessly and viciously demeaning the Plaintiff by their repeated actions and conduct.

95.     Defendants Soltys, Perkins, and Matko's outrageous conduct, as more fully described above, evidenced extreme disregard for Plaintiff Leese's medical condition and caused the Plaintiff to return to her place of employment at a time of severe and disabling pain in a manner that disrupted her treatment plan and caused severe emotional distress by adding insult to injury and the burden of an unjustified termination.

96.     The conduct of Defendants Soltys, Perkins, and Matko, as more fully set forth above, was extreme and outrageous.

97.     As a direct and proximate result of Defendants Soltys, Perkins and Matko's extreme and outrageous conduct, as more fully set forth above, Plaintiff Leese suffered severe emotional distress, including but not limited to post traumatic stress disorder, depression and acute panic disorder.

98.     As a direct and proximate result of Defendants Soltys, Perkins and Matko's extreme and outrageous conduct, as more fully set forth above, Plaintiff Leese suffered severe emotional distress, as more fully set forth above, which resulted in symptoms including but not limited to feelings of fright, shock,

humiliation, severe anxiety, outrage, guilt, depression, suicidal ideation, panic, and diminished self esteem.

99.   As a direct and proximate result of the emotional distress, as more fully set forth above, Plaintiff Leese sustained bodily harm, including but not limited to shortness of breath, gastrointestinal upset, increased heart rate with palpitations, insomnia, severe anxiety, and the deterioration of her degenerative disc disease.

100.   Plaintiff Leese required, sought and received medical treatment, including mental health counseling for the aforesaid emotional distress and resulting injuries.

101.   As a direct and proximate result of said injuries, Plaintiff Leese has endured pain and suffering, great mental anguish, and will endure additional pain and suffering in the future, and claim is made therefor.

102.   As a direct and proximate result of said injuries, Plaintiff has suffered a loss of life's pleasures and enjoyment and claim is made therefor.

103.   As a direct and proximate result of said injuries, Plaintiff has suffered great humiliation and embarrassment, and claim is made therefor.

104.   As a direct and proximate result of said injuries, Plaintiff has incurred liability for medical expenses, rehabilitative expenses, psychiatric/psychological

counseling expenses, and will incur such expenses in the future, and claim is made therefor.

105.   As a direct and proximate result of said injuries, Plaintiff Leese has sustained a loss of earnings, including but not limited to back wages and benefits and future lost wages and benefits by reason of not being able to fulfill her employment, and claim is made therefor.

106.   As a direct and proximate result of said injuries, Plaintiff Leese has sustained an impairment of earning power and earning capacity, and claim is made therefor.

107.   The actions of Defendants Soltys, Perkins and Matko, as more fully described above, constitute extreme and outrageous conduct that evidenced a wanton disregard for the safety and wellbeing of Plaintiff and which were undertaken with the direct intent to harm Plaintiff and/or callous disregard for Plaintiff's wellbeing, thereby warranting the imposition of punitive damages and claim is made therefor.

WHEREFORE, Plaintiff Judy Lynn Leese requests this Honorable Court to enter judgment in her favor and against the Defendants, jointly and severally, for:

1.     Back pay and benefits;

2.     Front pay and benefits should reinstatement prove unfeasible;

3.     Statutory prejudgment interest;

4.      Compensatory damages;

5.      Liquidated damages;

6.      Reasonable attorney fees and costs;

7.      Punitive damages; and

8.      Any other relief that this Court deems just and equitable.

COUNT IV – LOSS OF CONSORTIUM
DOUGLAS GLENN LEESE, SR. v. ADELPHOI VILLAGE, INC. and
GARY SOLTYS, WALLY PERKINS AND LISA MATKO

108.   Plaintiff Douglas Leese hereby repeats and repleads Paragraphs 1 through 107 of this Complaint and incorporates herein by reference as though fully set forth at length.

109.   Plaintiff Douglas Leese has lost the comfort and companionship of his spouse due to the extreme and outrageous treatment of his spouse by the Defendants.

110.   Plaintiff Douglas Leese has been deprived of the services, love, affection and sexual relations enjoyed before the distress brought on by the unjustified termination and outrageous treatment of his spouse.

WHEREFORE, Plaintiff Douglas Glenn Leese, Sr. requests this Honorable Court to enter judgment in his favor and against Defendants, jointly and severally,

for compensatory damages, statutory prejudgment interest, and such other relief as this Court deems just and equitable.

Respectfully submitted,

CLARK & KREVSKY, LLC


By: s/ Solomon Z. Krevsky
Solomon Z. Krevsky, Esquire
Attorney for Plaintiff
Supreme Ct. I.D. #72719
20 Erford Road, Suite 300A
Lemoyne, PA 17043
(717) 731-8600
(717) 731-4764 fax
E-mail: szk@clark-krevskylaw.com